## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| MARITZA VILLANUEVA, ) | |
| Defendant. ) | |

### COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF

Plaintiff, United States of America, for its complaint against Maritza Villanueva ("Villanueva"), states as follows:

### JURISDICTION AND NATURE OF ACTION

1. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401, 7402(a), 7407, and 7408.

2. This suit is brought under 26 U.S.C. §§ 7402(a), 7407, and 7408, to enjoin Maritza Villanueva ("Villanueva"), from the following activities:

(a) acting as an income tax return preparer;

(b) aiding, assisting, procuring, or advising for compensation with respect to any document on behalf of another in connection with any matter arising under the Internal Revenue laws;

(c) engaging in conduct subject to penalties under 26 U.S.C. §§ 6694, 6695 and 6701;

(d) representing anyone other than herself before the Internal Revenue Service; and

(e) otherwise interfering with the enforcement of the Internal Revenue laws by the Internal Revenue Service.

## AUTHORIZATION

3. This action has been authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, under 26 U.S.C. §§ 7402, 7407 and 7408.

## DEFENDANT

4. Villanueva resides and works in Irving, Texas. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1396.

## DEFENDANT'S ACTIVITIES

5. Villanueva works for Action E-File Services ("Action") in Irving, Texas and, since 2000, has prepared federal tax returns for others in exchange for compensation. Villanueva prepared 2,614 returns in 2008, 2,710 in 2009, and 1,975 in 2010.

6. Villanueva fails to keep records concerning her clients as required by 26 U.S.C. § 6695(g) and Treas. Reg. § 1.6695-2. A review of 98 files for the 2008 tax year that Villanueva has for her clients, showed that Villanueva failed to keep the required documentation for every one of them. This resulted in Villanueva being charged penalties in the amount of $9,800 ($100 penalty per return x the 98 returns). These penalties were paid on behalf of Villanueva by a principal of Action. There is no indication that the imposition of these penalties has had any salutary effect on Villanueva's practices. Therefore, monetary penalties alone are not sufficient to prevent Villanueva from preparing incorrect federal tax returns.

7. Villanueva listed a false social security for herself as paid preparer on every return reviewed. Villanueva allegedly listed this false social security number due to concerns about identity theft.

8. Villanueva has created fictitious Form 1040 Schedule Cs for clients so that business expenses can be claimed even when the taxpayer admitted that they did not operate any business and merely had income from wages reported on Form W-2.

9. Villanueva has prepared returns claiming tax credits that it was obvious her clients were not entitled to. One such example is the claiming of a first time home buyer credit on a 2009 income tax return where it was clearly stated that the taxpayer had purchased the home in question in 1995.

10. Villanueva has been notified by the IRS since paying the penalties discussed in ¶ 6 that her conduct is still in violation of the Internal Revenue laws. She has also been notified that her conduct might lead to a lawsuit such as this to prevent her from filing any tax returns, other than for herself.

11. As stated in ¶ 5, Villanueva has prepared thousands of tax returns in the last three years. She will undoubtedly prepare income tax returns for 2011 and succeeding years if she is not prohibited by the Court from doing so.

12. Villanueva does not maintain any documentation to show what she has done to verify whether her clients are entitled to the earned income credit, personal tax exemptions for dependents, or anything else listed on the returns she prepares. Villanueva also does not require her clients to prepare any sort of information questionnaire to support the items she lists on their returns.

13. As a result of Villanueva's conduct, her clients fail to file correct federal income tax returns (and amended returns), and falsely claim tax refunds to which they are not entitled.

## INJURY TO THE UNITED STATES

14. In preparing federal income tax returns for clients, Villanueva improperly claims an earned income tax credit for taxpayers not entitled to the credit. An audit of 49 of her clients' tax returns revealed that Villanueva had either overstated or improperly claimed the earned income tax credit for 41 of her clients. The total adjustments for these returns was $186,002. The average adjustment per return was $3,796 ($186,002/49 = $3,796.)

15. As a result of these examinations, the Internal Revenue Service has estimated that Villanueva's clients have underpaid their taxes, or received credits they were not entitled to, of more than $3,000,000 for the 2010 tax year alone.

## COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407

16. The United States incorporates by reference the allegations in paragraphs 1 through 15 of the Complaint.

17. 26 U.S.C. § 7407 authorizes the United States to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

18. If a return preparer's misconduct is continual or repeated, and the Court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the Court may enjoin the person from further acting as a return preparer.

19. Villanueva has continually and repeatedly prepared and filed with the IRS false and frivolous federal income tax returns (and amended returns) on behalf of her customers.

20. As a result, Villanueva has continually and repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

21. Villanueva has continually and repeatedly prepared and filed federal tax returns that include fraudulent refund claims which understate her customers' tax liabilities, and thus, has engaged in conduct subject to penalty under 26 U.S.C. § 6694.

22. Villanueva has continually and repeatedly failed to correctly sign as preparer (using a false social security number) tax returns she has prepared for customers and, thus, has engaged in conduct subject to penalty under 26 U.S.C. § 6695(b).

23. Villanueva has continually and repeatedly prepared and filed federal income tax returns (and amended returns) that understate her clients' tax liabilities as a result of her willful attempts to understate their tax liabilities, and/or her reckless and/or intentional disregard of internal revenue laws and regulations.

24. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Villanueva is likely to continue to prepare and file false federal income tax returns and engage in other misconduct of the type described in this Complaint. Villanueva should be permanently enjoined under 26 U.S.C. § 7407 from acting as a federal tax return preparer because a limited injunction would be insufficient to stop her from interfering with the proper administration of the tax laws.

## COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408

25. The United States incorporates by reference the allegations in paragraphs 1 through 24 of the Complaint.

26. 26 U.S.C. § 7408 authorizes a district court to enjoin any person from, *inter alia*, engaging in conduct subject to penalty under 26 U.S.C. § 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

27. 26 U.S.C. § 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

28. Villanueva prepared and aided or assisted in the preparation and filing of federal income tax returns and other documents that resulted in the understatement of her customers' tax liabilities.

29. Villanueva knew or had reason to believe that the fraudulent documents she prepared and filed with the IRS - including bogus IRS Forms 1040, 1040X and Schedule C - would drastically understate her customers' federal income tax liabilities.

30. As a result, Villanueva has engaged in conduct subject to penalty under 26 U.S.C. § 6701.

31. Injunctive relief is appropriate to prevent recurrence of Villanueva's penalty conduct.

32. Under 26 U.S.C. § 7408(c)(2), courts may enjoin persons who violate regulations pursuant to 31 U.S.C. § 330, which authorizes the Secretary of the Treasury to regulate the practice of representatives before the Treasury Department. Pursuant to this authority, the IRS

published regulations in sections 10.34 and 10.51 of Circular 230, which prohibit tax practitioners from advising clients to take frivolous positions on documents submitted to the IRS, and from helping clients unlawfully evade taxes.

33.    Villanueva has continually and repeatedly violated the standards set forth in Circular 230. Injunctive relief is appropriate to prevent recurrence of this conduct by Villanueva.

**COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402**

34.    The United States incorporates by reference the allegations in paragraphs 1 through 33 of the Complaint.

35.    26 U.S.C. § 7402(a) authorizes a district court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

36.    Villanueva substantially interferes with the enforcement of the internal revenue laws by filing frivolous federal tax returns and other documents on behalf of her customers.

37.    As a result of Villanueva's misconduct, her customers fail to file proper tax returns, erroneous refunds have been issued to numerous of her customers, and her customers are potentially liable for unpaid taxes, interest and penalties.

38.    Villanueva's misconduct causes irreparable harm to the United States and to the public for which there is no adequate remedy at law.

39.    The United States is entitled to injunctive relief under 26 U.S.C. § 7402(a) to prevent the recurrence of this misconduct.

40.    Unless enjoined by the Court, Villanueva will continue to engage in such conduct.

WHEREFORE, the United States prays for the following relief:

A. That the Court find that Villanueva has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700 and 6701 and that injunctive relief is appropriate under 26 U.S.C. §§ 7402, 7407 and 7408 to bar Villanueva from acting as a tax return preparer and from engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701;

B. That the Court find that Villanueva has engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that injunctive relief against her is appropriate to prevent the recurrence of that misconduct pursuant to 26 U.S.C. §§ 7402(a) and 7407;

C. That the Court, under 26 U.S.C. §§ 7402, 7407, enter a permanent injunction barring Villanueva from acting as a tax return preparer and from preparing or filing federal tax returns or forms for others, from representing others before the IRS, and from advising anyone concerning any federal tax matters;

D. That the Court, under 26 U.S.C. §§ 7402, 7407, enter a permanent injunction prohibiting Villanueva and her representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, from directly or indirectly;

(1) Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;

(2) Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695;

  (3) Engaging in any other activity subject to penalty under the Internal Revenue Code; and

  (4) Engaging in other conduct that interferes with the proper administration and enforcement of the Internal Revenue laws;

  E. That the Court, under 26 U.S.C. § 7402, enter an injunction requiring Villanueva to contact by mail and e-mail all persons who have used her advice or had their returns prepared by her, of the Court's findings and attach a copy of the permanent injunction against Villanueva;

  F. That the Court, under 26 U.S.C. § 7402, order Villanueva to provide to the undersigned counsel for the United States a list of all persons who have purchased any products, services or advice from her in the past three years;

  G. That the Court allow the United States full post-judgment discovery to monitor Villanueva's compliance with the injunction; and

  H. That the Court retain jurisdiction of the action for the purpose of implementing and enforcing the final judgment and all additional decrees and orders necessary and appropriate to the public interest.

    I.    That the Court grant the United States such other relief, including its costs, as the Court deems appropriate.

        JAMES T. JACKS
        ACTING UNITED STATES ATTORNEY

        /s/ Jon E. Fisher
        JON E. FISHER
        State Bar No. 550177-MA
        Trial Attorney, Tax Division
        U.S. Department of Justice
        717 N. Harwood, Suite 400
        Dallas, Texas 75201
        (214) 880-9730
        (214) 880-9774 (facsimile)
        jon.fisher@usdoj.gov

        ATTORNEYS FOR THE UNITED STATES